JOSEPH A. BASS v. M. J. RING AND ANOTHER.[1]

April 9, 1943.

No. 33,365.

[1]Reported in 9 N. W. (2d) 234.

12

See 210 Minn. 598, 299 N. W. 679.

*Arthur H. Lindeman,* for appellants.

*Snyder, Gale & Richards* and *Edmund T. Montgomery,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Action to recover a balance due under a contract for the sale of shares of corporate stock. Defendants counterclaimed, asking that plaintiff contribute his share toward certain expenses arising out of the corporate business. Specific questions were submitted to a jury, and the trial court thereafter made findings of fact adopting

the jury's determination thereof and conclusions of law in favor of plaintiff. Judgment was entered for plaintiff, and defendants appeal therefrom.

In 1926 plaintiff and defendant M. J. Ring formed a partnership for the purpose of carrying on the construction business. Contracts were obtained in the name of Ring, who received 60% of the net profits and plaintiff 40%. In February 1933 the parties organized a corporation known as the Ring Construction Company, in which Ring and his wife, the other defendant, held 60% of the stock and Bass 40%. The business continued to be that of contracting for and the construction of large buildings throughout the country. On May 31, 1935, plaintiff sold his stock to defendants for the sum of $54,912.68, all of which was paid except $15,000, which was retained by defendants for purposes expressed in the sale agreement, the applicable portions of which read:

"The parties of the second part have paid to the party of the first part for and on account of the purchase price of said capital stock, the sum of $39,912.68, receipt whereof is hereby acknowledged. The difference between the amount paid and the sum stated by the parties under the provisions of this agreement as the book value of said stock, to-wit: the sum of $15,000.00, shall be retained by the parties of the second part as a fund for the purpose of guaranteeing the payment by party of the first part of 40% of the cost of litigating, adjusting and/or settling certain claims against second and third parties [defendants] now pending or which might hereafter be asserted against them by W. C. Hill, Lillian Crane, or other litigation in connection with the construction and erection of the Kansas City Postoffice job at Kansas City, Mo., together with the claim of the Texas Quarries in connection with the Galveston job, and for the payment of 40% of all expenses and costs incurred in connection with the adjustment and/or litigation of said claims, including counsel fees, provided that no settlement of said claims or payments from said account shall be made without the joint consent and approval of first and second

parties, and provided further, that 40% of any sums realized by second or third parties on said claims, or from the Surety Company furnishing the bond of W. C. Hill in connection with said job, shall be added to and become a part of said fund."

The agreement further provides that upon "complete adjustment and settlement of the claims referred to * * * and the deduction from said $15,000 fund, * * * of 40% of all expenses and costs in connection therewith, the total sum remaining * * * shall be paid over to the party of the first part," and the parties of second part will submit therewith "a true, full and correct accounting for said $15,000 fund, including all payments and withdrawals therefrom, charges and additions thereto."

The present action is to recover the money retained less the amounts properly deductible therefrom under the purchase agreement. It is agreed that the $15,000 fund has been increased by plaintiff's proportionate share of the amount realized from the surety company furnishing the bond of W. C. Hill, so that it now amounts to $17,000. It was stipulated before the trial that certain items of expense were properly chargeable against plaintiff's fund to the extent of 40% thereof, such items totaling $6,203.35, and during the trial it was further stipulated that 40% of certain other items amounting to $12,283.10 might be charged against the fund.

Various items of expense were submitted to the jury, who made specific findings thereon, allowing some and disallowing others, in whole or in part. The trial court made findings of fact adopting the jury's answers to the specific questions submitted and conclusions of law, upon which judgment was entered for plaintiff. Defendants assert that the trial court erred in (1) denying their motion for leave to amend their answer; (2) excluding certain evidence offered by them; (3) denying their motion for new trial on the ground that the evidence does not sustain the findings.

■ Defendants sought to introduce evidence of costs and expenditures which had been incurred in connection with various

construction jobs but which were not attributable to "the cost of litigating, adjusting, and/or settling certain claims" against defendants, as provided in the agreement of May 31, 1935, which was incorporated in and made a part of the pleadings. The trial court ruled such evidence inadmissible under the pleadings. Thereafter, on the third day of the trial, counsel for defendants asked leave to amend their answer by asserting an additional defense under which they sought a reformation of the agreement to show the true intent of the parties, which they claim to be that all expenses in connection with the Kansas City post-office job were intended to be included and charged to the extent of 40% thereof against plaintiff's fund. The trial court disallowed the amendment, and, under the circumstances, we believe there was no abuse of discretion in so doing. Whether or not an amendment to pleadings should be allowed during the course of the trial is a matter largely within the discretion of the trial court, whose exercise thereof may not be questioned by this court except upon a showing of an abuse thereof. 5 Dunnell, Dig. & Supp. §§ 7696, 7708, and cases cited. No such showing was made.

■ Defendants contend that the evidence should have been admitted under the pleadings as they stand and that the agreement of the parties should be construed to include all claims and demands arising out of the Kansas City post-office work whether or not litigation had been commenced thereon. The agreement was drawn by competent counsel, and the language used is clear, unambiguous, and unequivocal. It expressly states the purposes for which the fund was retained, namely, to guarantee payment by Bass of "40% of the cost of litigating, adjusting, and/or settling" certain specified claims, "or other litigation in connection with the construction and erection of the Kansas City Postoffice job." Defendants would have us construe the words "or other litigation" to include other claims and costs asserted to have arisen out of the Kansas City post-office work. Words are always to be given the meaning they have in common use, unless there are very strong reasons to the contrary. State ex rel. University of Minnesota v.

Chase, 175 Minn. 259, 220 N. W. 951. The words here used limit application of plaintiff's fund to the claims of named individuals and "other litigation." The court is not authorized to construe *costs of litigation* to include expenses incurred incident to matters other than those within the common meaning of the word "litigation." Settlement of defendant M. J. Ring's personal income tax and his attorneys' fees paid in connection therewith cannot properly be deemed costs of litigation; nor can the value of M. J. Ring's time and effort be included therein.

■ Defendants were permitted to show that several items of expense were incurred in connection with litigation involving the Kansas City post-office job and to show that plaintiff consented to each expenditure. Upon each of these items the jury made a specific finding. Certain of the items were allowed in their entirety, others disallowed, and others partially disallowed. Defendants contend that the evidence does not sustain the findings disallowing, in whole or in part, the various items sought to be charged. One of the credits by defendants was an item for $1,856.57 assertedly paid in settlement of a claim presented by Perry Fire Proofing Company, a subcontractor of Ring Construction Company, to Joseph A. Numero, as the assignee thereof. Concerning this item, plaintiff testified that he did not approve payment of it and that he "didn't think they had it coming." The evidence was not persuasive that this debt was incurred on behalf of the Ring Construction Company. The jury might have found that it was not or that plaintiff did not consent to the payment. Under either theory, the evidence sustains the jury's determination, adopted by the trial court, that the item, together with the attorney's fee paid in connection with it, should not be charged against plaintiff's fund.

Forty percent of $250 paid to the clerk of the United States District Court at Kansas City was sought to be charged against the retained fund. This item appears to have been a deposit for costs, and whether any or all of it was used or still remained as a credit was not shown. The jury and trial court were not obliged to allow the item on the evidence here disclosed.

Defendants also sought to establish as a credit the sum of $4,943.67 paid to attorneys Brill & Maslon of Minneapolis. They introduced evidence that the attorneys were engaged at the rate of $100 per day for work performed in their office and $150 per day for work out of the city and that plaintiff consented to the employment of the attorneys on that basis. Plaintiff denied knowing what the compensation was to be and denied having consented to the arrangement. He offered evidence from which inferences could be drawn that the services rendered were not of the value claimed. There was other evidence from which inferences could be drawn that part of the fee charged was properly chargeable to litigation which concerned Mr. Ring personally. The jury found that the value of the services rendered in connection with the corporation's business was $1,040. The trial court approved that allowance. We cannot say that the evidence does not sustain the finding.

There are several other smaller items, upon which the evidence is similarly conflicting. The conflicts in the testimony have been resolved in plaintiff's favor as to the items sought to be charged, and the evidence amply sustains the findings.

In computing 40% of the amounts to be charged against plaintiff's fund, an error of about $20 was made. Plaintiff concedes that the computation was erroneous. With leave to the trial court to correct its order and judgment accordingly, the judgment is affirmed, with costs to be borne by defendants.

Affirmed.

MR. JUSTICE YOUNGDAHL took no part in the consideration or determination of this case.