## MARIAN A. ERICKSEN AND ANOTHER v. DR. KENNETH E. WILSON.

123 N. W. (2d) 687.

October 4, 1963—No. 38,899.

402

*James Malcolm Williams,* for appellants.

*Faegre & Benson, Paul J. McGough,* and *G. Alan Cunningham,* for respondent.

NELSON, JUSTICE.

This is an action brought against Dr. Kenneth E. Wilson, an oral surgeon, by Marian A. Ericksen and her husband, Jack R. Ericksen, for malpractice arising out of the extraction of Mrs. Ericksen's first and second upper left bicuspids on January 7, 1959.

The facts surrounding the alleged malpractice are these: Mrs. Ericksen telephoned defendant and made an appointment for the explicit purpose of having the extraction performed. The root of one of the teeth extended into the maxillary sinus so the extraction left an opening from the sinus to the mouth. After the extraction defendant sutured the opening so that it became closed. An oral fistula developed thereafter for which plaintiffs now seek damages.

Mrs. Ericksen denied that she had any knowledge prior to the extraction of her teeth that her sinus would be opened. However, defendant took X rays and testified that these were examined in her presence and that she was told that one of the teeth about to be extracted extended into the sinus. She was thus advised that this difficulty existed before the extraction took place. Defendant admits that he did not tell her that a medical operation might be necessary after the extraction to close the sinus, but that he felt that she would very likely require surgery.

There is no issue on this appeal relative to damages since the court directed a verdict, at the conclusion of plaintiffs' case, on the grounds that no prima facie case had been made on the issue of negligence. On appeal from the judgment thereafter entered plaintiffs assign as error the court's actions in granting defendant's motion for a directed verdict; in denying plaintiffs' motion for a continuance or, in the alternative, for a mistrial; in not allowing plaintiffs to amend the complaint during the trial to include a count for assault; in unduly restricting their cross-examination of defendant; and in sustaining defendant's objections to various offers of proof made by plaintiffs.

A pretrial conference on February 5, 1962, resulted in an order stating plaintiffs' claims to be that improper X rays were taken; that there was negligence in the extraction of the tooth leading into the sinus and in subsequent treatment which resulted in distortion of Mrs. Erick-

sen's sensory perception; and that surgery to remedy the sinus condition was not fully effective.

The record indicates that a notice of pretrial conference, mailed to the attorneys on January 30, 1962, gave warning that the conference was not intended as an occasion for discovery and that counsel should give notice prior to the conference of any amendments to pleadings that might still be necessary. The notice also stated that after the conference ordinarily no further amendment would be permitted.

■ Considering first whether plaintiffs should have been permitted to seek recovery for a technical assault upon the ground that Mrs. Ericksen did not consent to the treatment administered, it is clear that plaintiffs' complaint sounded solely in negligence. Assault was never claimed prior to trial. Plaintiffs expressed no interest in amending their pleadings to allege assault prior to the entry of the pretrial order, and at no time during the 25 months while the case was pending did plaintiffs ever inform the court or defendant that they would seek to prove an assault. This did not occur until near the end of the trial of their case when they moved to amend the complaint to allege it. The trial court refused to permit amendment. Clearly, the motion was untimely and under the circumstances the court's action was a proper exercise of its discretion. See, Aasen v. Aasen, 228 Minn. 1, 36 N. W. (2d) 27; Bass v. Ring, 215 Minn. 11, 9 N. W. (2d) 234; Caddy-Imler Creations, Inc. v. Caddy (9 Cir.) 299 F. (2d) 79; Minnesota Min. & Mfg. Co. v. Superior Insulating Tape Co. (8 Cir.) 284 F. (2d) 478; Stanek v. Trailmobile, Inc. (7 Cir.) 283 F. (2d) 827. See also Nelson v. Nicollet Clinic, 201 Minn. 505, 276 N. W. 801, in which we held that recovery could not be had in an action for malpractice for technical assault upon the grounds that the patient did not consent to the treatment administered by the physician and surgeon where it appeared that upon the trial negligence was the only ground of recovery asserted and right of recovery for assault was asserted for the first time on the motion for a new trial.

As defendant points out, additional justification is furnished for the denial of the amendment because the claim of assault was raised for

the first time long after the 2-year statute of limitations, Minn. St. 541.07 (1), had run.

We also held in Nelson v. Nicollet Clinic, *supra,* that a surgeon is not liable for injuries unavoidably resulting in spite of the exercise of due care and furthermore that a person is not liable for negligence unless the alleged injuries are the proximate result of the negligent acts complained of. In the Nelson case plaintiff contended that a finding of negligence would be justified as an inference of fact under the doctrine of res ipsa loquitur, but this court said that the doctrine did not apply under the circumstances of that case, citing Nelson v. Dahl, 174 Minn. 574, 219 N. W. 941; Johnson v. Arndt, 186 Minn. 253, 243 N. W. 67; Yates v. Gamble, 198 Minn. 7, 268 N. W. 670; and 20 Minn. L. Rev. 241.

In Yates v. Gamble, 198 Minn. 7, 12, 268 N. W. 670, 673, this court held:

"* * * A physician and surgeon is not an insurer of a cure or good result of his treatment or operation. He is only required to possess the skill and learning possessed by the average member of his school of the profession in good standing in his locality, and to apply that skill and learning with due care. [Citing cases.]"

See, also, Cassidy v. McLaughlin, 205 Minn. 30, 285 N. W. 889, and Thompson v. Lillehei (8 Cir.) 273 F. (2d) 376.

In Bang v. Charles T. Miller Hospital, 251 Minn. 427, 88 N. W. (2d) 186, 13 N.C.C.A. (3d) 35, upon which plaintiffs rely, it was held that where various possible surgical procedures in a prostate resection included a vas section which would result in sterility, the patient should be advised in advance. In the instant case, Mrs. Ericksen went to defendant for the express purpose of having two of her teeth pulled and the evidence is clear that that is what he did, together with suturing the opening of the sinus into her mouth. The fact that this procedure did not have a satisfactory result, due to the development of a fistula despite the exercise of care on defendant's part, provides no basis for the application of the rule established in the Bang case.

In Yates v. Gamble, *supra,* this court held that proof of causal connection between the injury and the claimed negligence must be

something more than consistent with plaintiff's theory of how the injury was caused and that the burden rests upon the plaintiff to prove that the harm resulted from the negligence of defendant rather than from some other cause. This court again held in the Yates case that no presumption of negligence arises from the fact that an operation or treatment by a surgeon or physician does not result in a cure and that the doctrine of res ipsa loquitur does not apply, making opinion evidence of medical experts necessary to make out a case of malpractice.

Ellering v. Gross, 189 Minn. 68, 248 N. W. 330, cited by plaintiffs, is not in point. In the Ellering case the injury was produced when a dental instrument slipped and cut plaintiff's jaw. The court ruled that expert testimony was not necessary for the jury to decide whether the slipping was caused by negligence. We have no such situation in the instant case where expert testimony is necessary and must be produced to prove that Mrs. Ericksen's condition proximately resulted from defendant's alleged negligence. If plaintiffs fail to establish this, then they will necessarily fail to prove their case.

Plaintiffs' contentions that the trial court erred in denying their motion for a continuance or a mistrial and in unduly restricting cross-examination of the defendant are unsupported by argument or authorities.

We have held that an assignment of error based on mere assertion and not supported by any argument or authorities in an appellant's brief is waived and will not be considered by this court unless prejudicial error is obvious on mere inspection. See, Swigerd v. City of Ortonville, 246 Minn. 339, 75 N. W. (2d) 217, 72 A. L. R. (2d) 398. However, the contention that plaintiffs were unduly abridged in their right of cross-examination is not impressive. They did not call defendant as an expert, but merely for cross-examination under the rules. The trial judge sustained objections to questions under that cross-examination principally when plaintiffs' attorney sought to elicit expert medical opinions from defendant while he was on the witness stand for the limited purpose of cross-examination under the rules.

Undoubtedly the trial court felt, and properly so, that cross-examina-

tion under the rules was not designed to force a defendant into becoming a plaintiff's expert witness, particularly when the plaintiff is attempting to condemn the expertise of that witness. The trial court in its discretion could, no doubt, under the situation presented at the trial limit the extent of the cross-examination under the rules. See, Lyman v. Hermann, 203 Minn. 225, 280 N. W. 862; Bylund v. Carroll, 203 Minn. 484, 281 N. W. 873; Moran v. Pittsburg-Des Moines Steel Co. (3 Cir.) 183 F. (2d) 467.

Plaintiffs' persistence in attempting to make defendant their expert medical witness under the circumstances of the instant case amounted to improper cross-examination, prejudicial to defendant, and justified curtailment in the discretion of the trial court. An examination of authorities, both local and elsewhere, shows that it is generally held that in medical malpractice actions the plaintiff ought not to be permitted under the guise of cross-examination under the rules to compel expert testimony from the defendant in the hope of proving a case of malpractice without properly calling other expert medical witnesses. In Osborn v. Carey, 24 Idaho 158, 132 P. 967, the Idaho court held that the defendant doctor in a malpractice action should not be required to give expert testimony for plaintiff when called by him for cross-examination under the statute and that if plaintiff desires to make his case by expert evidence from the defendant himself, he must call him as his own witness. See, also, Hunder v. Rindlaub, 61 N. D. 389, 409, 237 N. W. 915, 922; Forthofer v. Arnold, 60 Ohio App. 436, 21 N. E. (2d) 869; Wiley v. Wharton, 68 Ohio App. 345, 41 N. E. (2d) 255; Hull v. Plume, 131 N. J. L. 511, 37 A. (2d) 53; McDermott v. Manhattan Eye Hospital, 16 App. Div. (2d) 374, 228 N. Y. S. (2d) 143.[1]

---

[1]The following Federal decisions hold that a party ordinarily may not require opinions from his adversary by use of discovery depositions or interrogatories: Olsen v. St. Anthony Machine Products Co. (D. Minn.) 18 F. R. D. 313; Beirne v. Fitch Sanitarium (S. D. N. Y.) 20 F. R. D. 93; Hickey v. United States (E. D. Pa.) 18 F. R. D. 88; Onofrio v. American Beauty Macaroni Co. (W. D. Mo.) 11 F. R. D. 181; United States v. Columbia Steel Co. (D. Del.) 7 F. R. D. 183; Snyder v. Atchison, T. & S. F. Ry. Co. (W. D. Mo.) 7 F. R. D. 738; Chemical Foundation, Inc. v. Universal-

408

The record discloses that Dr. Jerome Frank, a dentist retained by plaintiffs as an expert, was present in the courtroom during the taking of most of the testimony and appears to have been available to be called by plaintiffs to testify. To accommodate plaintiffs the trial court declared two recesses covering nearly a half day so that plaintiffs might call two other medical expert witnesses, Dr. Ronald Zimmerman, an oral surgeon, and Dr. Graham Smith, an eye, ear, nose, and throat specialist. Despite that fact no medical experts were called, and plaintiffs rested without presenting any expert medical testimony. Plaintiffs, therefore, upon the record, totally failed to prove their case. The trial court properly directed a verdict for defendant. The judgment appealed from must be affirmed.

Affirmed.

Cyclops Steel Corp. (W. D. Pa.) 1 F. R. D. 533; New England Terminal Co. v. Graver Tank & Mfg. Corp. (D. R. I.) 1 F. R. D. 411.