OLEKSIW, APPELLANT, *v.* WEIDENER ET AL., APPELLEES.

(No. 38769—Decided May 12, 1965.)

*Messrs. Rini & Hecht, Mr. Martin A. Rini* and *Mr. Donald L. Goldman,* for appellant.

*Messrs. McNeal & Schick* and *Mr. Harley J. McNeal,* for appellees.

Matthias, J. The question raised by this appeal is whether in a malpractice action expert testimony may be elicited from a physician defendant called by plaintiff "as if under cross-examination," pursuant to Section 2317.07, Revised Code.

This section provides as follows:

"At the instance of the adverse party, a party may be examined as if under cross-examination, orally, by way of deposition, like any other witness * * *. The party calling for such examination shall not thereby be concluded but may rebut it by evidence."

The obvious purpose of this section is to permit the production of all pertinent evidence in order that the trier of facts might have all the facts necessary to render a just decision. Any relevant evidence is made available to the parties, even evidence in the possession of the adverse party. 56 Ohio Jurisprudence 2d 456, Witnesses, Section 21; cf. *State, Use of Miles,* v. *Brainin,* 224 Md. 156, 167 A. 2d 117, 88 A. L. R. 2d 1178.

A witness called under this section may be examined "as if under cross-examination." This provision was not intended to restrict the permissible scope of examination but to make clear that the ordinary rules governing direct examination are not applicable to this class of witnesses. Since such witnesses are likely to be hostile and evasive, the method ordinarily

used on cross-examination, including leading questions and impeaching the witness, is allowed. See 3 Wigmore, Evidence, 431, 436, Section 916; *Langford* v. *Issenhuth*, 28 S. D. 451, 459, 134 N. W. 889.

Other jurisdictions which have considered the question in the instant case under a similar statute are divided. Although the modern trend is to permit the examination of the opponent as an expert, the number of jurisdictions on each side is roughly equal. Annotation, 88 A. L. R. 2d 1186. Although the question has never previously been before this court, the Ninth District Court of Appeals has twice held that in an action for malpractice a plaintiff may not require expert testimony of the defendant physician called for cross-examination. *Forthofer* v. *Arnold*, 60 Ohio App. 436; *Wiley* v. *Wharton*, 68 Ohio App. 345, 351.

The cases which do not permit a party to elicit expert testimony from his opponent find that such a practice would be contrary to the purpose of the statute. See *Osborn* v. *Carey*, 24 Idaho, 158, 168, 132 P. 967; *Ericksen* v. *Wilson*, 266 Minn. 401, 123 N. W. 2d 687; *Hunder* v. *Rindlaub*, 61 N. D. 389, 409, 237 N. W. 915; *Forthofer* v. *Arnold, supra*, 442. Those cases do not specify anything inherently wrong with examining the opponent as an expert and are general in their reason for finding that the statute was not intended to include such examination. The real basis seems to be that it would not be fair or sporting to allow the plaintiff to force the defendant to become his expert. See 5 Southern California Law Review 448; *Ericksen* v. *Wilson, supra*; *Hull, Admr.,* v. *Plume*, 131 N. J. Law 511, 517, 37 A. 2d 53.

No question of fairness should be involved in this matter. A person has no right to remain silent if he has information which is needed in a judicial proceeding. Since the withholding of relevant testimony obstructs the administration of justice, the duty to testify is owed to society not to the individual parties. The question is not whether it is fair for a party to require the adverse party to testify but whether it is fair for society to require a party to testify, where his testimony will aid his opponent. See 8 Wigmore, Evidence (1961), 70, Section 2192; *State* v. *Antill*, 176 Ohio St. 61, 64; *In re Story*, 159 Ohio St. 144, 148, 149.

There is no analogy between a defendant in a malpractice action and a defendant in a criminal prosecution. The latter is specifically exempted from his duty to testify by constitutional protection against self-incrimination. Article V, Amendments, U. S. Constitution; Section 10, Article I, Ohio Constitution. A civil defendant has no protection against subjecting himself to liability. If his testimony will provide facts which will aid the court in arriving at a just decision, he has duty to testify. Any loss to the sporting aspect of adversary proceedings would be outweighed by the benefit to the judicial system.

"Courts are intent upon arriving at just decisions and upon employing properly expedient means to attain such an end. If a defendant in a malpractice action may truthfully testify that his conduct conformed to the standard required, his case is, of course, substantially strengthened and, if he cannot so testify, the plaintiff's chances of recovery are unquestionably increased. In either case, the objective of the court in doing justice is achieved." *McDermott* v. *Manhattan Eye, Ear & Throat Hospital*, 15 N. Y. 2d 20, 203 N. E. 2d 469, 474.

We feel that the cases which permit the plaintiff to call the defendant physician and examine him as an expert represent the more enlightened view. See *Lawless* v. *Calaway*, 24 Cal. 2d 81, 147 P. 2d 604; *State, Use of Miles*, v. *Brainin*, supra; *McDermott* v. *Manhattan Eye, Ear & Throat Hospital*, supra. *The purpose underlying Section 2317.07, Revised Code, would best be served by allowing the examining party to compel all testimony relevant to the issues in the case, and there is nothing in the statutory language which indicates that expert testimony is not included. An adverse party called to testify under this section may be examined as to any relevant matter in issue in a case whether or not it involves expert testimony.*

In a malpractice action, expert testimony may be elicited from a physician defendant called by plaintiff, "as if under cross-examination," pursuant to Section 2317.07, Revised Code.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, HERBERT and SCHNEIDER, JJ., coucur.

O'NEILL and BROWN, JJ., dissent.