Jean **MARRONE**, as Administratrix of the Estate of Dominic A. Marrone, Deceased, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 108, Docket 29856.

United States Court of Appeals Second Circuit.

Argued Jan. 3, 1966.

Decided Jan. 25, 1966.

David W. Skolnick, New Haven, Conn. (Winnick & Winnick, New Haven, Conn., of counsel; Alexander Winnick, Edward B. Winnick, and Arnold M. Potash, New Haven, Conn., on the brief), for plaintiff-appellant.

Samuel J. Heyman, Asst. U. S. Atty., District of Connecticut, New Haven, Conn. (Jon O. Newman, U. S. Atty., District of Connecticut, on the brief), for defendant-appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This action was brought under the Tort Claims Act [1] by Jean Marrone, as the widow and administratrix of the Estate of Dominic A. Marrone, deceased. The complaint charges that the Veterans Administration Hospital at West Haven, Connecticut, or its agents, was negligent in not exercising the degree of skill, care and diligence which hospitals in the same general area and practice ordinarily possess and exercise and that Marrone died because of that negligence. The case was tried by Judge Clarie who granted the defendant's motion to dismiss at the close of the plaintiff's case on the ground that the plaintiff had failed to prove that the decedent's death was caused by the negligence of the Hospital or its personnel.

During the course of the trial, the plaintiff was permitted to examine three of the Hospital's doctors as adverse witnesses under Rule 43(b) of the Federal Rules of Civil Procedure. Dr. Lindenmuth, the Chief of Surgery, testified to the procedures followed in the treatment of Marrone and, over the defendant's objection, was permitted to express his opinion as to the propriety of the treatment and to state whether or not that

1. 28 U.S.C. § 1346.

treatment conformed to the community standards of skill, care and diligence ordinarily possessed and exercised under similar circumstances. Dr. Ventimiglia and Dr. Daskopoulos, the doctor who operated on Marrone and the doctor who assisted in the operation and the pre-operative and post-operative care of the patient, were permitted to testify about the actual procedures and their opinions about the propriety of the treatment, but neither was allowed to express an opinion about the standard of care and skill ordinarily possessed and exercised by doctors in the community in like cases.[2] It is from the court's ruling excluding this testimony that the plaintiff appeals. The appellant argues that the exclusion was based upon an improper interpretation of Rule 43(b) and that this error had the effect of making it impossible for her to prove her case.

Doctors Ventimiglia and Daskopoulos were concededly the agents and employees of the defendant, and the appellant claims that the right to cross-examine them as adverse witnesses entitled her to elicit their opinions as experts on the question of whether their treatment of Marrone measured up to the standards of medical care in the community.

Judge Clarie's contrary ruling, at least at the time it was made, was in accord with the general weight of authority. Ericksen v. Wilson, 266 Minn. 401, 407, 123 N.W.2d 687, 691 (1964); Willes v. Palmer, 78 Idaho 104, 109–110, 298 P.2d 972, 975 (1956); Hull, Administrator v. Plume, 131 N.J.L. 511, 517, 37 A.2d 53, 56 (1944). The most recent cases, however, have held that a plaintiff, because

of the difficulty of obtaining independent experts in medical malpractice cases, should be allowed to examine the defendant-expert concerning community medical standards. McDermott v. Manhattan Eye, Ear and Throat Hospital, 15 N.Y.2d 20, 255 N.Y.S.2d 65, 203 N.E.2d 469 (1965); Oleksiw v. Weidener, 2 Ohio St.2d 147, 207 N.E.2d 375 (1965).[3] The latter cases draw upon the earlier decisions in State, for Use of Miles v. Brainin, 224 Md. 156, 167 A.2d 117, 88 A.L.R. 2d 1178 (1961); and Lawless v. Calaway, 24 Cal.2d 81, 147 P.2d 604 (1944).

Although persuasive reasons have been advanced in support of the appellant's position, we find that it is both unnecessary and inappropriate fully to consider and decide the question of whether Rule 43(b) permits the scope of examination claimed by the appellant because the claim is barred by the appellant's failure at the trial to make an offer of proof to establish the significance of the excluded evidence in accordance with Rule 43(c) of the Federal Rules of Civil Procedure.[4]

An offer of proof is not necessary in all cases where testimony has been excluded by the trial court, Massachusetts Mutual Life Insur. Co. v. Brei, 311 F.2d 463, 465, fn. 1, 100 A.L.R.2d 634 (2d Cir. 1962); Meaney v. United States, 112 F.2d 538, 539, 130 A.L.R. 973 (2d Cir. 1940), but "where the significance of the evidence sought to be introduced is not obvious, an appellate court cannot be expected to hold exclusion to require reversal on the possibility that the exclusion was harmful error." Moss v. Hornig, 314 F.2d 89, 93 (2d Cir. 1963).

2. Dr. Lindenmuth was permitted to testify concerning compliance with community standards, even though the other two doctors were not, because he, as Chief of Surgery and as a part of his official duties, had made an evaluation report on the procedures used in treating the decedent, Marrone.

3. The *Oleksiw* decision overruled prior Ohio authority upon which Judge Clarie had also relied. See, Wiley v. Wharton, 68 Ohio App. 345, 41 N.E.2d 255 (1941) and Forthofer v. Arnold, 60 Ohio App. 436, 21 N.E.2d 869 (1938).

4. Rule 43(c) provides that:
    "In an action tried by a jury, if an objection to a question propounded to a witness is sustained by the court, the examining attorney may make a specific offer of what he expects to prove by the answer of the witness. * * * In actions tried without a jury the same procedure may be followed, except that the court upon request shall take and report the evidence in full * * *."

The failure to make an offer of proof to demonstrate the significance of the excluded testimony of a defendant-doctor barred another appellant from raising the same question as that presented by this appellant. Thompson v. Lillehei et al., 273 F.2d 376, 384 (8th Cir. 1959). The present case is one in which the facts demand even more strongly that this court hold that appellant's failure to make an offer of proof requires affirmance. The plaintiff in Thompson v. Lillehei, supra, had not been permitted to examine any of the defendant-doctors concerning their expert opinions, but here the appellant was given wide latitude in examining Dr. Lindenmuth and was permitted to elicit his expert opinion as to Marrone's treatment in relation to the prevailing community medical standards. There was no attempt at the trial to show either that Doctors Ventimiglia and Daskopoulos were qualified to render an expert opinion on the applicable standards of skill, care and diligence or that such opinions would, if offered, contradict those of their superior, Dr. Lindenmuth. Under these circumstances, it is clear that the failure to make an offer of proof must be held to be fatal to the prosecution of this appeal.

Moreover, the decision of the District Court is affirmed for the additional reason that there was no proof that Marrone's death was caused by the acts of the defendant's agents or employees. Unless the causal relationship is so obvious that it would readily be seen by the trier of fact, expert testimony on the subject is required. Ardoline v. Keegan, 140 Conn. 552, 558, 102 A.2d 352 (1954); Green v. Stone, 119 Conn. 300, 306, 176 A. 123 (1934). Although counsel was permitted to examine the doctors as to the cause of death and Marrone's treatment, it was conceded during the argument on the motion to dismiss that no evidence had been presented that causally connected Marrone's death with any element of the treatment procedures. This is a defect in the appellant's case that could not be cured by the interpretation of Rule 43(b) for which she contends, since counsel had already been given the opportunity to examine the three doctors on this issue.

The judgment is affirmed.