Robert W. LOWRY and Janel J. Lowry, Appellees,

v.

BLACK HILLS AGENCY, INC., Appellant.

No. 74–1299.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1974.

Decided Feb. 10, 1975.

Murray Ogborn, Aberdeen, S. D., for appellant.

Joseph M. Butler, Rapid City, S. D., for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This is an appeal from a judgment on a jury verdict and denial of a motion for a new trial in a diversity action wherein appellant insurance agency was charged with negligence in failing to obtain for its insured a one million dollar ($1,000,-000) umbrella liability insurance policy which allegedly had been ordered. The appellant claims trial errors in the admission of irrelevant and prejudicial evidence, admission of opinion evidence, insufficiency of the evidence, abuse of discretion in refusing to issue a subpoena and resulting error in determining the competency of a plaintiff-assignee, and error in permitting the cross-examination of an alleged adverse witness. We affirm.

The genesis of this litigation was an automobile-trailer collision on August 7, 1971, in which one of the plaintiffs herein, Robert Lowry, received severe injuries. That cause of action, the Lowrys against the owner of the vehicle-trailer outfit, Cochran, Inc., resulted in a judgment for Robert Lowry in the amount of

$659,732.63 and for Janel J. Lowry in the amount of $50,000.[1] Cochran, Inc.'s insurance carrier paid the Lowrys the limit of its coverage, $250,000, and was released from any further liability. In addition, Cochran, Inc. entered into an assignment agreement with the Lowrys whereby Cochran, Inc. assigned to the Lowrys its alleged cause of action against appellant, Black Hills Agency, Inc., for negligently failing to procure a million dollar umbrella liability policy allegedly ordered by Cochran, and Cochran agreed to prosecute this action and pay all costs thereof. In exchange, the Lowrys agreed to deliver to Cochran, Inc. and Loudner full satisfaction of the $709,732.63 judgment they had obtained in the personal injury action.

Appellant contends that the sole issue before the jury in determining the issue of its negligence in failing to order the additional protection of a million dollar umbrella policy was whether the umbrella policy was ordered or rejected and that the trial court erred in allowing appellees to introduce irrelevant and prejudicial evidence of other transactions and events. We will list the various disputed items[2] with a brief review of the evidence taken most favorable to appellees, the prevailing party.

Jon Cochran, president and owner of Cochran, Inc., testified that he ordered the umbrella policy. Dale Yeoman, agent for the Black Hills Agency, testified that he tried to sell Cochran the umbrella policy but he refused to purchase it. The conversations with respect to Cochran's application for insurance covered several items of insurance applicable to the operation of Cochran's Oldsmobile—Cadillac dealership in Rapid City, South Dakota. October 1, 1970 was the expiration date for existing coverage which had previously been obtained through another insurance agency, and the conversations took place around that date.

Disputed items admitted: (1) evidence that none of the policies ordered by Cochran October 1, 1970 were received until after the accident of August 7, 1971 (Cochran testified he was not aware that he did not have the umbrella coverage until so advised by Yeoman after the accident); (2) evidence that at that time Cochran ordered "contents coverage of $87,000," but ultimately only three policies were delivered after the accident, which covered accounts receivable, garage keepers liability of $250,000, and fire and extended coverage on two buildings and new cars (the policies did not include "contents coverage"); (3) lack of proper signatures on some of the policies delivered; (4) problems with double coverage on new cars; (5) insurance that was written and not requested by Cochran, i. e., Agent Yeoman issued a binder on "Garagekeepers Legal Blanket Bond" but conceded that there was no request for the same; (6) fire insurance, although requested by Cochran, was not included in the original binder by Agent Yeoman although it was supplied in the policies delivered in August, 1971; (7) all matters handled by Richard Maguire, president of appellant, which took place during the latter part of 1971 and 1972, including (8) an error in billing Cochran, Inc. for umbrella coverage which it is claimed was not ordered by Cochran until 1972. Appellees offered in evidence an invoice billing Cochran, Inc. for "catastrophe liability," $1,000,000 limit, for the period October 1, 1971–1972.

■ The trial court in general admitted the foregoing disputed evidence on the theory that it was admissible for the purpose of showing a pattern of continuous neglect in the handling of Cochran's insurance account. The trial court necessarily has considerable discretion in

---

1. The judgment entered by Judge Bogue was against both Cochran, Inc. and its driver, Frederick Loudner. The Honorable Andrew Bogue also presided in the instant trial.

2. Appellant made motions in limine seeking to prevent the introduction of the disputed items. Its objections were allowed to stand during the trial without repeating the same, and at the close of the evidence motions to strike these items were made and overruled.

ruling on the admissibility of evidence. It must weigh the probative value as opposed to the prejudice created. Gener-. al Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1217 (8th Cir. 1973); General Ins. Co. of America v. Hercules Constr. Co., 385 F.2d 13, 24 (8th Cir. 1967).

We are satisfied the trial court did not abuse its discretion in admitting the disputed testimony. Agent Yeoman testified that he tried to sell Cochran the umbrella protection along with many other items of insurance but Cochran specifically refused to purchase this item. Agent Yeoman produced a copy of a list of various insurance items that he used. in ordering Cochran's insurance. He testified he placed a "No" after three items, including umbrella protection, which Cochran refused to purchase. The list was admitted into evidence as an exhibit.

■■ It is our view that under these circumstances Cochran was entitled to show the entire transaction with Yeoman. The evidence revealed several agent errors in the ordering of the various items of insurance, the placing of binders, and the ultimate coverage furnished. This was relevant to the issue of Yeoman's credibility. The late delivery of the policies after the accident is relevant to Cochran's claim that he was unaware of the lack of umbrella coverage prior to the accident.

■ The evidence concerning Maguire's handling of the insurance account with Cochran, although remote in time, was admissible because appellant opened up this subject in its cross-examination of Cochran by inferring that even in 1972, long after the auto accident, Cochran had to be sold on the idea of purchasing umbrella protection. Other matters in connection with Maguire's handling of the account were likewise admissible because appellant first opened the door. For example, Maguire testified that he personally became interested in

the account because Cochran was delinquent in paying premiums. Cochran then offered evidence that the account was current.

■ Appellant urges that the trial court erred in permitting appellees to elicit the expert opinion of appellant's president as to whether or not the Cochran account was handled in a reasonable and prudent and careful manner consistent with the practices of the insurance industry in Rapid City and the surrounding area. Appellant contends that the inquiry was incompetent, immaterial, irrelevant to the issue of Yeoman's negligence, and improper under Ericksen v. Wilson, 266 Minn. 401, 123 N.W.2d 687 (1963). In the latter case it was held that in a medical malpractice action it was error to permit plaintiff to compel expert testimony from the defendant to prove a charge of malpractice. Appellees point out that the Minnesota court firmly overruled Ericksen in Anderson v. Florence, 288 Minn. 351, 181 N.W.2d 873 (1970), and, in so doing, joined the vast majority of jurisdictions which allow a witness or party to be called to give evidence against himself or his corporate principal in a professional liability case. Anderson, supra at pp. 875–76; see Annot., 88 A.L.R.2d 1186. We are satisfied that the trial court did not abuse its discretion in admitting the opinion of Maguire with respect to Yeoman's conformance with the practices in the insurance industry.

■ Appellant charges that the court erred in allowing appellees to call and cross-examine Dale Yeoman, a former employee of appellant corporation, as an adverse witness. Appellant contends that Yeoman was not an officer, director or managing agent either at the time of the transaction in question or at the time of trial and thus not subject to call as an adverse party under Rule 43(b), Fed.R.Civ.P.[3] It is argued that Yeoman

---

**3.** Rule 43(b), Fed.R.Civ.P., states:

*Scope of Examination and Cross-Examination.* A party may interrogate any unwilling or hostile witness by leading questions. A

party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and inter-

was a mere employee whose employment was terminated at the time of trial.

In Skogen v. Dow Chemical Company, 375 F.2d 692, 701 (8th Cir. 1967), this court stated:

> The courts, in determining who is a "managing agent" within the terms of Rule 43(b), should not be too technical or literal in their approach and thus disqualify for cross-examination the only persons within the corporation who have knowledge of the subject matter of the litigation. * * *.
>
> The liberal interpretation of the rule which we favor would hold that an individual is a "managing agent" if: (1) His interests in the litigation are identified with his principal, and (2) He acts with superior authority and general autonomy, being invested with broad powers to exercise his discretion with regard to the subject matter of the litigation. (Citing cases.)

Applying this test, Yeoman would be considered a managing agent under Rule 43(b). He might well have been a defendant in this action. As an agent for the insurance agency he acted with broad authority in handling the Cochran insurance account, quoting premiums, accepting orders, placing binders, and arranging for the procurement of the policies. The trial court properly allowed appellees to cross-examine Yeoman as an adverse witness under Rule 43(b). *See also* Jones v. John Hancock Mutual Life Ins. Co., 416 F.2d 829, 833 (6th Cir. 1969); Melton v. O. F. Shearer & Sons, Inc., 436 F.2d 22, 25–27 (6th Cir. 1970).

██ Appellant's contention that the evidence was insufficient to support the verdict requires little discussion. Appellant failed to move for a directed verdict during the trial. In the absence of an appropriate motion for a directed verdict an appellate court is powerless to review the sufficiency of the evidence to support the verdict. *See* A. B. McMahan

Co. v. Amphenol Corp., 443 F.2d 1072, 1075 (8th Cir. 1971), and authority there cited. A reading of appellant's brief indicates that the thrust of its argument is that, assuming arguendo that the alleged and prejudicial evidence previously discussed herein should have been rejected, the evidence would not be sufficient to support the verdict. We, of course, have held that the trial court did not abuse its discretion in admitting the disputed evidence. We might add that the record indicates there was ample evidence to submit this cause to the jury.

Appellant contends that the district court lacked jurisdiction over the subject matter or the persons involved in the action because plaintiff Robert Lowry was mentally incompetent at the time the assignment agreement was executed in March 1973. Appellant first raised the question of Lowry's incompetency after the jury was selected and before the taking of evidence. Appellant also demanded that appellees produce Lowry for purposes of examination; and when appellees indicated he would not be present, appellant requested the court to issue a subpoena requiring his attendance. The trial court agreed to hold a hearing on the issue of Lowry's competency at which the record of the prior injury trial would be received and Mrs. Lowry, who was present, could be examined but refused at that late hour in the proceedings to order Mr. Lowry's presence.

██ We fail to find any abuse of discretion on the part of the trial court in refusing to issue a subpoena requiring Lowry's presence. This is a matter that should have been handled during discovery and pretrial proceedings. The trial court further found on the basis of the injury trial record and Mrs. Lowry's testimony that Lowry was competent at the time in issue. We find the record adequately supports the court's finding.

Affirmed.

rogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief.