Kenneth K. KIESEL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1123.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1976.

Decided Dec. 9, 1976.

Paul R. Shy, Kansas City, Mo., for appellant; Walter K. Disney, Kansas City, Mo., on brief.

John A. Dudeck, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Bert C. Hurn, U. S. Atty., Kansas City, Mo., Scott P. Crampton, Asst. Atty. Gen. and Gilbert E. Andrews, Elmer J. Kelsey, John A. Dudeck, Jr., Attys., Washington, D. C., on brief.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Kenneth Kiesel appeals from a judgment for the government on his complaint seeking a refund of employment taxes paid, and on the government's counterclaim for the unpaid balance due.

In 1969, 1970, and 1971, appellant operated a proprietorship known as Ken Kiesel & Associates, which served as a sales representative to manufacturers of food service equipment and contract furniture. Three salesmen were under contract to him. Appellant treated these men as independent contractors, rather than employees, for federal tax purposes. He did not withhold from the commissions paid to them either federal income taxes or the employee portion of FICA taxes. He failed to pay both the employer's portion of the FICA tax and the federal unemployment tax.[1]

The Internal Revenue Service determined that the men were in fact employees, and assessed appellant with $11,527.08 in employment taxes, interest, and penalties. Appellant paid a portion of the assessment and filed the instant suit for refund. The government counterclaimed for the unpaid balance of the assessment.

By stipulation of the parties, the case was tried to a jury, which was to determine the question of the existence of an employer-employee relationship. The parties submitted evidence on this issue. Appellant at no time moved for a directed verdict. The jury found that appellant had failed to prove by a preponderance of the evidence that the salesmen were not in fact employees of appellant, and the District Court[2] accordingly found that the employment taxes were due. It entered judgment for the government in the amount of the unpaid portion of the assessment, less a credit to which appellant was entitled under 26 U.S.C. § 3402(d),[3] plus additional penalties and interest.

I.

Appellant's first contention is that the evidence at trial was insufficient to support the jury's conclusion that the three salesmen were employees of appellant. We need not reach the merits of this argument, because appellant failed to move for a directed verdict at the close of all the evidence and is therefore not entitled to raise this issue for the first time upon appeal. *Lowry v. Black Hills Agency, Inc.*, 509 F.2d 1311, 1315 (8th Cir. 1975); *A. B. McMahan Co. v. Amphenol Corporation*, 443 F.2d 1072, 1075 (8th Cir. 1971); see 5A J. Moore, Federal Practice ¶ 50.05[1] (2d ed. 1972).

Even had a timely motion for directed verdict been made, it would have been unavailing. Our examination of the record discloses evidence that appellant had the right to supervise the salesmen in the performance of their duties, and did supervise them to some extent, and that he on occasion furnished automobiles for them and paid their other expenses. This evidence

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The taxes at issue here are imposed on the taxpayer by 26 U.S.C. § 3102(b) (employee portion of FICA tax), § 3111 (employer portion of FICA tax), § 3301 (federal unemployment tax), and § 3403 (income tax withholding).

2. The Honorable Elmo B. Hunter, United States District Court for the Western District of Missouri.

3. Appellant established at trial that one of the employees had paid the taxes which he had failed to withhold.

was sufficient under the governing tests to allow an inference that the men were employees, and so require submission of the issue to the jury. *See Enochs v. Williams Packing Co.,* 370 U.S. 1, 3, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *United States v. Silk,* 331 U.S. 704, 716, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947); *Air Terminal Cab, Inc. v. United States,* 478 F.2d 575, 576 (8th Cir.), *cert. denied,* 414 U.S. 909, 94 S.Ct. 228, 38 L.Ed.2d 146 (1973); *Saiki v. United States,* 306 F.2d 642 (8th Cir. 1962); *Hoosier Home Improvement Co. v. United States,* 350 F.2d 640, 642 (7th Cir. 1965); 26 U.S.C. §§ 3121(d)(2); 3306(i); 26 C.F.R. §§ 3121(d)–1; 31.3306(i)–1; 31.3401(c)–1.

## II.

Appellant's second contention is that the District Court erred in computing the amount of the judgment on the government's counterclaim, or at least in failing to conduct a hearing at which the true amount of the tax liability could be determined. As indicated, the judgment was entered in the amount of the unpaid portion of the assessment, less a credit due appellant, plus additional penalties and interest.

[3] Appellant concedes that the assessment was made. As the taxpayer, he had the burden of coming forward with evidence to show that the amount of the assessment was incorrectly computed. *Kelly v. Lethert,* 362 F.2d 629, 634 (8th Cir. 1966); *United States v. Strebler,* 313 F.2d 402, 403–04 (8th Cir. 1963); *United States v. Rexach,* 482 F.2d 10, 16 (1st Cir.), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973); *Lesser v. United States,* 368 F.2d 306, 310 (2d Cir. 1966); *Adams v. United States,* 358 F.2d 986, 994, 175 Ct.Cl. 288 (1966). He has not shown, either in the District Court or in this Court, that he can produce such evidence.

Appellant's principal challenge to the assessment is based on IRS's calculation of the federal income tax which appellant should have withheld from the employees' commissions. The amount which must be withheld for federal income taxes is determined according to 26 U.S.C. § 3402(a), which contains tables computing the withholding on the basis of "amount of wages." The "amount of wages" is "the amount by which the wages exceed the number of withholding exemptions claimed, multiplied by the amount of one such exemption as shown in the table in subsection (b)(1)[.]" In making this computation here, the IRS considered the "number of withholding exemptions claimed" to be zero. Appellant disputes this action. He argues that the employees involved were entitled to withholding exemptions at the time the taxes should have been withheld. He argues that the IRS should have allowed these exemptions in computing his liability.

 Appellant's argument ignores express statutory authorization for the IRS's computation. It is conceded that the employees filed no withholding exemption certificates. The Code provides that, if no such certificate is in effect, "the number of withholding exemptions claimed shall be considered to be zero." 26 U.S.C. § 3401(e). Thus, the IRS acted properly in refusing to allow the exemptions, and appellant's contention is without merit. He has shown nothing to rebut the presumed correctness of the IRS assessment.[4]

Affirmed.

---

**4.** Appellant also contends on appeal that the IRS erred in imposing a $68.01 penalty. He contends that his failure to pay the employment taxes resulted from good faith reliance on the advice of the lawyer who drew up the employment contracts and of a competent bookkeeper. *See* 26 U.S.C. § 6651(a); *Educational Fund of Electrical Industry v. United States,* 426 F.2d 1053, 1058 (2d Cir. 1970). This particular challenge to the IRS assessment was never presented to the District Court, and may not be raised for the first time here.