KNECHT BROTHERS, et al.,
Respondents,

v.

AMES CONSTRUCTION, INC., a.k.a.
Ames Construction Co., Appellant.

No. C5–86–2002.

Court of Appeals of Minnesota.

April 28, 1987.

Robert C. Hoene, P.A., St. Paul, for respondents.

Frederick A. Bohling, Daly, Bohling & O'Connor, Burnsville, for appellant.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY, JJ.*

_____

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an amended judgment awarding respondent assignees damages and attorney fees for appellant contractor's failure to pay money owing on a subcontract to respondents after assignment of the subcontractor's interest. Appellant claims the trial court (1) erred in not concluding the subcontract provision prohibiting assignment controlled and (2) abused its discretion in awarding attorney fees pursuant to Minn.Stat. § 549.21. Respondents seek additional fees pursuant to Minn.R.Civ.App.P. 138. We affirm.

## FACTS

On April 27, 1982, appellant contractor Ames Construction Co., Inc. and subcontractor Noillim Enterprises, Inc. (Noillim) signed a subcontract agreement regarding the seeding of land at the Converse County Airport in Wyoming. The contract states:

THE SUB-CONTRACTOR AGREES AS FOLLOWS:

\* \* \* \* \* \*

Not to assign or sub-let this Sub-Contract, or any part thereof and not to assign any money due or to become due hereunder, without first obtaining the written consent of the Contractor.

Noillim needed financial assistance in performing the project and received a $10,000 loan from respondent Knecht Brothers and an $11,200 loan from respondent J. Robert Knecht. The subcontractor gave each respondent a promissory note; Knecht Brothers' at 18% and J. Robert Knecht's at 1% over the prime rate.

As security for the loans, the subcontractor assigned its interest in money owing under the subcontract to respondents by separate assignments on May 4 and June 11, 1982. Both assignments state:

Ames Construction, Inc. is authorized and directed to pay over to Assignee any and all such sums that shall hereafter become due and payable from Ames Construction, Inc. to Assignor and Assignee is hereby authorized to sign on behalf of

the Assignor any receipts or acknowledgments for such payments.

The executed assignments were received by appellant in June 1982. Appellant never provided written or oral consent to the assignments.

Appellant subsequently received a July 6, 1982 letter from Noillim requesting that appellant make all checks payable to the joint order of Noillim and the First National Bank of South Dakota.

In November 1982, appellant drafted two checks payable to the order of Noillim totalling $25,000. In December 1982, appellant drafted two checks payable to the joint order of Noillim and the First National Bank of South Dakota totalling $12,470.35. Appellant also made several joint payments to Noillim and its laborers and suppliers.

In July 1984, respondents sued appellant for nonpayment according to the assignment. Respondents moved for summary judgment and attorney fees pursuant to Minn.Stat. § 549.21. By order filed May 16, 1986, the trial court granted respondents partial summary judgment regarding liability, but not as to damages.

After trial, the court awarded respondent Knecht Brothers $10,000 plus $7737.53 interest, respondent J. Robert Knecht $11,200 plus $6041.33 interest, and respondents $5000 in attorney fees. An amended judgment entered October 2, 1986 clarified that each respondent was awarded $2500 in attorney fees, not $5000. Notice of appeal is from an amended judgment entered September 30, 1986.

## ISSUES

1. Is this appeal proper?

2. Was summary judgment proper?

3. Did the trial court abuse its discretion in awarding attorney fees pursuant to Minn.Stat. § 549.21?

## ANALYSIS

■ 1. Appellant misstates in its notice of appeal the date of entry of the amended judgment. But where the amended judgment was attached to the notice of appeal and the error was not misleading, the de-

fect is harmless. *See Hoyt Investment Co. v. Bloomington Commerce and Trade Center Associates,* 390 N.W.2d 325, 330 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Sept. 24, 1986).

■ 2. Appellant claims summary judgment was improperly granted because (1) "a genuine issue as to the existence of special circumstances creating issues of material fact" exist and (2) the trial court misapplied the law in nullifying the specific language of the subcontract agreement.

Appellant argues it did not consent to assignment by the subcontractor, and therefore the assignments are invalid pursuant to the subcontract agreement. Respondents assert appellant fails to address the Minnesota Statute on which the trial court relied, or its Wyoming counterpart, which prohibit restrictions on assignment.

> A term in any contract between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest.

Minn.Stat. § 336.9–318(4) (1982); *see* Wyo. Stat. § 34–21–947(d) (1977).

Appellant makes reference to genuine issues regarding special circumstances. The general contract involving the airport was a federal contract requiring employment of at least one minority subcontractor, such as the president of Noillim. Appellant doubted whether Noillim would complete the subcontract because it was not paying its laborers and suppliers. Failure of the minority subcontractor to complete its work would threaten the grant of the federal contract. That is apparently why appellant ignored the assignments and made payment to Noillim and its employees.

But these circumstances do not prevent application of the clear wording of Minn. Stat. § 336.9–318(4). Prohibition against assignment is ineffective. The trial court did not err in granting respondents summary judgment.

3. Appellant claims the trial court's award of attorney fees is either not justified or exorbitant. An award of attorney fees under Minn.Stat. § 549.21 "may only be upset upon a finding of abuse of discretion by the trial court." *Wicker v. City of Maplewood,* 386 N.W.2d 327, 329 (Minn.Ct. App.1986).

■ Respondents argue the award is justified because appellant's defense was frivolous. They assert appellant was made aware of Minn.Stat. § 336.9–318(4) early in the parties' dispute. We agree the award was justified given the clear application of the statute.

■ Appellant makes no specific argument regarding the reasonableness of fees awarded.

> [A]n assignment of error based on mere assertion and not supported by any argument or authorities in an appellant's brief is waived and will not be considered by this court unless prejudicial error is obvious on mere inspection.

*Ericksen v. Wilson,* 266 Minn. 401, 406, 123 N.W.2d 687, 690 (1963), *overruled on other grounds in Anderson v. Florence,* 288 Minn. 351, 181 N.W.2d 873 (1970). We cannot conclude the trial court abused its discretion in awarding $5000 in attorney fees.

■ Respondents request additional attorney fees pursuant to Minn.R.Civ.App.P. 138. Finding appellant's further pursuit of its defense to be frivolous, we award respondents $500 in attorney fees on appeal pursuant to Minn.Stat. § 549.21.

### DECISION

The trial court did not err in granting summary judgment and did not abuse its discretion in awarding attorney fees under Minn.Stat. § 549.21. We award respondents $500 in attorney fees on appeal pursuant to that same statute.

Affirmed.