### In re KAISER GROUP INTERNATIONAL, INC., et al., Debtors.

### No. 00–2263(MFW) to 00–2301(MFW).

United States Bankruptcy Court, D. Delaware.

Jan. 9, 2002.

---

Robert J. Stearn, Jr., Richards, Layton & Finger, P.A., Wilmington, DE, Lawrence E. Rifken, Waller T. Dudley, McGuire Woods, LLP, McLean, VA, Counsel to International Finance Corporation, Adam D. Cole, Scott D. Cousins, Wiliam E. Chipman Jr., Greenberg Traurig, LLP, New York City, Counsel to Nova Hut, a.s., for Movants.

Mark Minuti, Saul Ewing LLP, Wilmington, DE, William J. Perlstein, Gary B. Born, Joseph E. Killory, Jr., Joseph R. Profaizer, Wilmer, Cutler & Pickering, Counsel to Kaiser Group International, Inc., et al., for Respondent.

## MEMORANDUM OPINION

ERWIN I. KATZ [1], Bankruptcy Judge.

This matter comes before the Court on the motions of Nova Hut a.s. ("Nova Hut") and the International Finance Corporation (the "IFC") for leave to withdraw their respective proofs of claim, numbers 1918, 3274 [2] and 1714, in the above-noted bank-

---

1. Bankruptcy Judge for the Northern District of Illinois, sitting by special designation in the District of Delaware through inter-circuit loan. The main bankruptcy case, 00–2263 is assigned to Judge Mary F. Walrath. The im-mediate question before the Court was transferred to Judge Katz.

2. Nova Hut's claim was assigned two numbers, 1918 and 3274.

ruptcy case. For the reasons stated below the motions for leave are granted with the following conditions 1) the Court retains jurisdiction over the subject matter and parties of the related adversary, 01–928, and 2) Nova Hut and the IFC are barred from asserting any future claims against Debtors.

## BACKGROUND

On or about June 27, 1997 Nova Hut entered into a contract (the "Contract") with ICF Kaiser Netherlands B.V. ("Kaiser Netherlands"), a nondebtor subsidiary of Kaiser Group International Inc., *et al.,* ("Debtors"), for the design and construction of phase 1 of a flat roll products minimill by Kaiser Netherlands for the benefit of Nova Hut. Debtors guaranteed the performance by Kaiser Netherlands (the "Guarantee") and pledged assets for a letter of credit issued by Corestates Bank, N.A.[3] (the "Bank") as an additional guarantee of the Contract. The IFC loaned funds to Nova Hut for the project and in exchange was given a conditional assignment of Nova Hut's rights under the Contract and the Guarantee.

The Contract between Kaiser Netherlands and Nova Hut contains provisions regarding required performance levels. In October and November of 2000 the performance tests were conducted by Kaiser Netherlands. The parties dispute whether the minimill facility passed the tests. On or about February 16, 2001 Nova Hut drew on the line of credit that was secured by Debtors' assets.

Debtors filed their Chapter 11 petitions with the Court on or about June 9, 2000. On December 5, 2000 Debtors' plan of reorganization was confirmed by the Bankruptcy Court. Nova Hut appealed the confirmation order.

Nova Hut and the IFC filed individual claims against the estate relating to the Guarantee. On or about September 27, 2000 Debtors filed their first objection to the claims of Nova Hut and the IFC, numbers 1918 and 1714, respectively. Nova Hut and the IFC filed their responses. On or about March 19, 2001 Debtors' filed their Eleventh Omnibus Objection to Claims which included an objection to claim 3274 of Nova Hut. Nova Hut filed its response.

On April 8, 2001 Debtors filed as adversary[4] 01–928 their counterclaims and amended objections to the claims of Nova Hut and the IFC. The causes of action outlined by Debtors in the complaint include claims against Nova Hut and the IFC related to the Contract, the Guarantee and the allegedly wrongful draw on the line of credit by Nova Hut. The IFC and Nova Hut filed their motions for leave to withdraw their proofs of claim on June 12 and June 21, 2001, respectively. Limited, if any, discovery has taken place between the parties. Since April 8, 2001 the parties have filed numerous pleadings in the adversary case but so far only one significant issue, other than the one presently before the Court, has been fully briefed.[5]

## DISCUSSION

■ The IFC seeks leave to withdraw its proof of claim with prejudice as to any claim against Debtors under the Guarantee and without prejudice to, waiver of, or effect on any of the IFC's other rights or defenses. Nova Hut seeks withdrawal

---

**3.** Corestates Bank, N.A. subsequently merged into First Union National Bank.

**4.** In accordance with Federal Rule of Bankruptcy Procedure 3007.

**5.** The Court issued a Memorandum Opinion, dated January 2, 2002, for adversary 01–928 on the IFC's Motion to Disqualify Debtor's Counsel.

without prejudice but with the condition that Nova Hut bring no claims against Debtors under the Guarantee. The question currently before the Court is whether leave should be granted under Bankruptcy Rule 3006.

## Standards For The Withdrawal of a Proof of Claim

The question of whether a party can withdraw a proof of claim is governed by Federal Rule of Bankruptcy Procedure 3006. This Rule states:

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

Fed. R. Bankr.P. 3006.

■ In those instances where withdrawal is not a matter of right, the Code is silent as to the considerations to be taken by the court in deciding whether to grant leave. Before the enactment of Federal Bankruptcy Rule 3006 the courts looked to Federal Rule of Civil Procedure 41 as governing. Advisory Committee Note to Bankruptcy Rule 3006. Rule 3006 "recognizes the applicability of the considerations underlying Rule 41(a) F R Civ P to the withdrawal of a claim after it has been put in issue by an objection." Advisory Committee Note to Bankruptcy Rule 3006. Courts have taken this statement to mean that the same considerations used by courts analyzing voluntary dismissal under Federal Rule 41 should be used in determining the question of withdrawal under Bankruptcy Rule 3006. *Resorts Int'l. Inc. v. Lowenschuss (In re Lowenschuss),* 67 F.3d 1394, 1399 (9th Cir.1995) (citing Advisory Committee Note to Bankruptcy Rule 3006 in support of using Rule 41(a)(2) considerations); *In re 20/20 Sport, Inc.,* 200 B.R. 972 (Bankr.S.D.N.Y.1996); *Adkinson v. LTV Corp. (In re Chateaugay Corp.),* 165 B.R. 130, 132 (S.D.N.Y.1994); *In re County of Orange,* 203 B.R. 977 (Bankr. C.D.Cal.1996) (using Federal Rule 41(a) case law standards in determining whether to grant leave to withdraw claims).

■ The standard used by the courts in determining whether to allow voluntary dismissal of an action under Federal Rule 41 is whether the defendant will suffer some actual legal prejudice as a result of the dismissal. *Westlands Water Dist. v. U.S.,* 100 F.3d 94, 96 (9th Cir.1996); *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.,* 931 F.2d 1411, 1412 (10th Cir.1991); *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1274 (5th Cir.1990). Case law has not developed a precise definition of "legal prejudice." *Westlands,* 100 F.3d at 97. Cases focus on the "the rights and defenses available to the defendant in future litigation". *Id.* (citing Moore's Federal Practice). The Ninth Circuit in *Westlands* provides a general definition as "prejudice to some legal interest, legal claim or legal argument". *Id.*

Given the fact that Nova Hut and the IFC seek to withdraw their claims after 1) they voted on Debtors' plan of reorganization, and 2) Debtors filed counterclaims

and objections to the claims, the withdrawal is not a matter of right and the Court must apply the standards set forth above to determine whether leave should be granted.

### Conditional Withdrawal

Bankruptcy Rule 3006 allows the court to restrict a withdrawal with "such terms and conditions as the court deems proper." Fed. R. Bankr.P. 3006. In determining appropriate conditions under Federal Rule 41(a)(2) the courts have generally limited the conditions as necessary to alleviate actual prejudice or harm to the opposing party. *Am. Nat'l. Bank and Trust Co. of Sapulpa*, 931 F.2d at 1412; *Templeton*, 901 F.2d at 1274. As Debtors have failed to meet their burden of showing any actual prejudice that would result from the withdrawals, the Court will not impose any conditions due to prejudice. The Court is not merely limited to conditions that relieve prejudice however, as there will likely be other factors of concern that would warrant limitations as the Court finds proper.

The IFC and Nova Hut have voluntarily subjected themselves to the jurisdiction of the Court through the filing of their claims. *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (*rehearing denied*) (recognizing "that by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims thereby subjecting himself to the bankruptcy court's equitable power.") Nova Hut and the IFC have conceded that this Court has "related to" jurisdiction over Debtors' counterclaims. (Nova Hut Supp. Memo. ¶ 11; IFC Reply pgs 11–13.) If the Court wishes to retain jurisdiction over the claims it can condition the withdrawal as such. *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995). Given that there appears to be no dispute that the Court will, at a minimum, have "related to" jurisdiction over the remaining disputes, the Court finds it proper, for the efficient administration of the arguments between the parties, to explicitly retain jurisdiction. Given the positions advocated by the parties in their motions, the Court sees no adverse effect to any of the parties in doing so.

### Legal Prejudice: Forum

■ Debtors' primary argument against the withdrawal of the claims is that Debtors will suffer prejudice because the withdrawals "may well" deny Debtors a single and expeditious forum, or "possibly" any forum to raise and resolve their claims against Nova Hut and the IFC. (Debtors' Memo of Law in Opp. pgs. 3, 8, 9 & 11–12). Debtors fail to provide any evidence, or even argument, as to why this loss of forum may occur. It is not the Court's place to speculate. The burden of showing legal prejudice rests on the party opposing the motion to withdraw the claims. *In re Armstrong*, 215 B.R. 730, 732 (Bankr. E.D.Ark.1997); *In re County of Orange*, 203 B.R. at 982. The Debtors have not met this burden.

### Legal Prejudice: Stage of the Proceedings

■ Whether a party is dilatory in prosecuting a case and seeking a dismissal is a factor to be taken into consideration. *Westlands*, 100 F.3d at 97; *In re Armstrong*, 215 B.R. at 732; *In re Chateaugay Corp.*, 165 B.R. at 132. The Court does not find that Nova Hut or the IFC were dilatory in this instance. Given all that has happened, the parties seem to have been moving this case along. The claims were timely filed, objections and responses were filed thereafter without any apparent undue delay. After the objections were filed the performance tests were performed to determine whether claims actually existed under the construction con-

tract. The motions to withdraw the claims were made only two months after the adversary was filed. It appears that each of the parties have been diligent in moving the case along for the most part.

## CONCLUSION

For the foregoing reasons Nova Hut and the IFC are given leave to withdraw their proofs of claim. The withdrawals shall be conditioned on 1) the Court's retention of jurisdiction over the related adversary, 001–928, and 2) the bar of Nova Hut and the IFC from asserting any claims against Debtors. This opinion has no effect on the rights of Nova Hut and the IFC to assert any claims they may have against Kaiser Netherlands.